UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DARRELL GIST,                           :
                        Plaintiff,      :
                                        :
v.                                      :
                                        :       **MEMORANDUM**
DR. DIANE SOMMER; HSA BRYAN WALLS;      :       **OPINION AND ORDER**
PA JAYNE VANDER HEY-WRIGHT;             :
OPERATIONS LIEUTENANT CARL PEARSON;  :          14 CV 6736 (VB)
CORRECTIONAL OFFICER GEORGE HUNTER;  :
CORRECTIONAL OFFICER RICHARD            :
MCGRATH; CAPTAIN MATTHEW WHINNERY; :
Estate of CORRECTIONAL OFFICER ROGER    :
O'MALLEY,                               :
                                        :
                        Defendants.     :
---------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Darrell Gist, who is proceeding pro se and in forma pauperis, brings civil rights

claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

U.S. 388 (1971),  against corrections officers and medical staff at Federal Correctional Institution

Otisville ("FCI Otisville").  Plaintiff claims defendants denied him constitutionally adequate

medical care while he was incarcerated at FCI Otisville.

        Now pending is defendant Jayne Vander Hey-Wright's motion to dismiss what plaintiff

has styled the Corrected Amended Complaint (Doc. #53, hereinafter "CAC") for lack of subject

matter jurisdiction.  (Doc. #73).

        For the reasons set forth below, defendant Vander Hey-Wright's motion is GRANTED.

                                **BACKGROUND**

        In deciding the pending motion, the Court accepts as true all well-pleaded factual

allegations and draws all reasonable inferences in plaintiff's favor.

                                        1

The following facts are taken from the CAC and plaintiff's opposition to the present motion.  (Doc. #87).  See Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).  The Court recounts the allegations against the non-moving defendants only as they are relevant to the present motion.  Because this is a motion to dismiss for lack of subject matter jurisdiction, the Court also considers materials submitted by defendant Vander Hey-Wright.

Vander Hey-Wright is a physician's assistant employed by the Commissioned Corps of United States Public Health Service ("PHS").  During the events described in the CAC, she was assigned to FCI Otisville.

On April 11, 2014, at about 2:30 a.m., plaintiff allegedly fell and hit the back of his head, then lost feeling in his left arm and was unable to move his legs.  As plaintiff was lying on the floor, he called out for assistance.  Defendants O'Malley, McGrath, and Hunter allegedly refused plaintiff's request to go to the hospital and carried plaintiff to his bed.  Plaintiff alleges he was further injured when the defendants carried him.

At around 6 a.m., a non-defendant officer arrived and put plaintiff in a wheelchair. However, according to plaintiff, when the officer left briefly, plaintiff fell out of the wheelchair, hit his head again, and was knocked unconscious.  When plaintiff awoke, the non-defendant officer called the medical department.  About forty-five minutes later, defendants Walls and Moore arrived to bring plaintiff to the medical department on a stretcher.

In the medical department, plaintiff was given a CT scan.  Plaintiff again requested to go to the hospital, but defendants Sommer and Walls allegedly refused the request.  Plaintiff was left unattended for two hours before defendant Walls moved him to the suicide watch room.

In the suicide watch room, defendants Walls, Moore, and Vander Hey-Wright transferred plaintiff from the stretcher onto a blue mattress, but allegedly dropped plaintiff onto the floor in

the process.  According to plaintiff, Vander Hey-Wright gave him no pain medication or other treatment at this time, even though his treating physician had left Vander Hey-Wright in charge of treating plaintiff.

About two hours later, plaintiff was taken to the Special Housing Unit, where he was allegedly held for twenty-seven days.  Plaintiff claims during this time, Vander Hey-Wright knew he was suffering from severe spinal cord compression because she reviewed his CT scan, but denied him medical treatment and refused to take plaintiff to the hospital.

## DISCUSSION

I.    Legal Standard

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation marks omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When a party raises a "factual" challenge to jurisdiction, as defendant Vander Hey-Wright does here, the Court may refer to evidence outside the pleadings, Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000), and "retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction."  APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks omitted).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.     Subject Matter Jurisdiction over Vander Hey-Wright

Plaintiff's claims against Vander Hey-Wright must be dismissed for lack of subject matter jurisdiction.

The Public Health Service Act ("PHSA") provides that a claim against the United States under the Federal Tort Claims Act ("FTCA") is the exclusive remedy for claims caused by the acts or omissions of PHS employees acting within the scope of their employment.  42 U.S.C. § 233(a); Hui v. Castaneda, 559 U.S. 799 (2010) (holding the PHSA precludes Bivens actions against PHS employees for claims arising out of the performance of their medical functions related to their employment).

Here, there is no dispute regarding Vander Hey-Wright's employment status as a PHS member.  Plaintiff's claim is that Vander Hey-Wright was deliberately indifferent to his medical needs.  Therefore, plaintiff's allegations concern Ms. Vander Hey-Wright's "performance of medical . . . functions . . . while acting within the scope of [her] office or employment" as a physician assistant.  42 U.S.C. § 233(a).  Accordingly, Vander Hey-Wright personally is immune

4

from suit.  See Adekoya v. Holder, 751 F. Supp. 2d 688, 693-94 (S.D.N.Y. 2010) (dismissing

plaintiff's claims against PHS defendants for lack of subject matter jurisdiction).[1]

Plaintiff argues Vander Hey-Wright's immunity from suit under the PHSA does not

apply because she acted outside the scope of her employment.  Plaintiff's argument is as follows:

(i) Vander Hey-Wright's job at FCI Otisville was to render appropriate medical treatment to

inmates; (ii) she refused to render appropriate medical treatment to plaintiff, an inmate; (iii)

therefore, she was not acting within the scope of her employment.

Plaintiff's argument is without merit.  The PHSA shields members of the PHS from suit

arising from both their acts and their omissions.  42 U.S.C. § 233(a).  All of plaintiff's

allegations against Vander Hey-Wright concern acts or omissions committed within her duties as

a physician's assistant in FCI Otisville.[2]  Were it otherwise, any plaintiff could circumvent the

---

[1]       The CAC makes no mention of the FTCA.  However, to the extent plaintiff brings an
FTCA claim, it is dismissed.  First, a plaintiff may not sue federal employees such as defendant
Vander Hey-Wright under the FTCA; rather, the United States must be named as the defendant.
See Pierre v. Napolitano, 958 F. Supp. 2d 461, 487 (S.D.N.Y. 2013).  Plaintiff did not sue the
United States in the instant action.  Second, even assuming plaintiff had properly named the
United States as a defendant, plaintiff's FTCA claim would still fail because nothing in the CAC
suggests he exhausted his administrative remedies by filing a claim with the appropriate federal
agency.  See 28 U.S.C. § 2675(a) (the FTCA requires that before a claimant may initiate an
action against the United States, "the claimant shall have first presented the claim to the
appropriate Federal agency and his claim shall have been finally denied"); Adeleke v. United
States, 355 F.3d 144, 153 (2d Cir. 2004) (FTCA's administrative exhaustion requirement
"applies equally to litigants with counsel and to those proceeding pro se").  Dismissal for lack of
subject matter jurisdiction is warranted if plaintiff fails to plead exhaustion.  See In re Agent
Orange Prods. Liability Litig., 818 F.2d 210, 214 (2d Cir. 1987).  Accordingly, any FTCA claim
raised in the CAC is dismissed.

[2]       Currently pending is plaintiff's motion to amend his complaint a third time.  (Doc. #103).
Although the proposed third amended complaint contains a few additional factual allegations
against Vander Hey-Wright, including that she was the one who ordered plaintiff to be housed in
the SHU instead of going to the hospital, all of these allegations similarly constitute acts or
omissions within the scope of her employment.  Therefore, plaintiff's motion to amend does not
affect the Court's decision on this motion.

PHSA's bar on suits against PHS members simply by alleging the PHS member failed to do his or her job.

The Court has considered plaintiff's other arguments and likewise finds them to be without merit.

Therefore, the Court lacks subject matter jurisdiction over defendant Vander Hey-Wright.

## CONCLUSION

Defendant Vander Hey-Wright's motion to dismiss is GRANTED.

The Clerk is directed to terminate Vander Hey-Wright as a defendant and terminate the motion.  (Doc. #73).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: August 1, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

6